UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MATTHEW J. SMITH,
   Plaintiff,

vs.                                                No. 09-1206,

ILLINOIS DEPARTMENT OF JUSTICE,
   Defendant.

## MERIT REVIEW ORDER

This cause is before the court for a merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A. The plaintiff participated in the hearing by telephone conference call.

The plaintiff, a state prisoner, has filed his complaint pursuant to 42 U.S.C. §1983 against one defendant: the Illinois Department of Juvenile Justice. The plaintiff says the defendant violated his due process rights. Specifically, the plaintiff states that on September 26, 2008, two days after his seventeenth birthday, he was transferred from the Juvenile Department of Justice to the Illinois Department of Corrections without the required hearing. Illinois law states:

> In any case where a juvenile was originally committed to the Juvenile Division under Section 5-8-6, the Department of Corrections shall, within 30 days of the date that the juvenile reaches the age of 17, send formal notification to the sentencing court and the State's Attorney of the county from which the juvenile was sentenced indicating the day upon which the juvenile offender will achieve the age of 17. Within 90 days of receipt of that notice, the sentencing court shall conduct a hearing to determine whether or not the juvenile shall continue to remain under the auspices of the Juvenile Division or be transferred to the Adult Division of the Department of Corrections. 730 ILCS 5/3-10-7.

Federal Courts have found that "the Illinois statute creates a liberty interest for convicted persons aged 17 to 21 in remaining in the Juvenile Division of the IDOC if they were originally committed there" because "prison officials have no discretion" to decide whether to transfer these individuals. *Cooper v. Elrod*, 622 F.Supp. 373, 376 (N.D. Ill. 1985. (the Illinois statute creates a liberty interest for convicted persons aged 17 to 21 in remaining in the Juvenile Division of the

IDOC if they were originally committed there.)

During the merit review hearing, the plaintiff stated that he did eventually receive a hearing, but not until eight months later on May 15, 2009. The plaintiff maintains his due process rights were still violated because the Illinois statute requires that the hearing be held within a certain time frame and the plaintiff was transferred to the adult facility prior to receiving any hearing. 730 ILCS 5/3-10-7(a).

The plaintiff also confirmed that he was sentenced as an adult for Aggravated Criminal Sexual Assault and is not eligible for parole until 2018. It is difficult for the court to perceive a measurable damage arising from the delay in the proceeding when Smith was sentenced as an adult and is not eligible for parole until 2018. Nonetheless, without more details, the court cannot say that it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 521 (1972), *reh'g denied*, 405 U.S. 948 (1972).

There are still two main procedural problems with the plaintiff's complaint. First, the plaintiff has not stated an official capacity claim and has failed to identify any individual defendants. During the merit review hearing, the plaintiff mentioned that he had the paperwork from his transfer hearing. The plaintiff should be able to name the individuals who initiated his transfer. The court cannot serve the defendants and proceed with the case unless the plaintiff can identify the individual defendants.

Second, it is not clear to court why the plaintiff filed his lawsuit in the Central District of Illinois. Venue for federal civil rights actions brought under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b). According to that statute, such actions may be brought only in (1) the judicial district where any defendant resides (if all defendants reside in the same State), (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. Once the plaintiff has identified his defendants, then he can more clearly discern in which venue he should file a lawsuit.

Therefore, the court will give the plaintiff an opportunity to file an amended complaint stating which defendants he intends to sue. If the lawsuit no longer belongs in the Central District of Illinois, the plaintiff may also request that his case be transferred to another Federal Court.

Finally, the plaintiff has also filed a motion for appointment of counsel stating that he has been unable to hire counsel. [d/e 3]. The motion is denied. Civil litigants have no federal right to appointed counsel. The district court may request appointment of counsel under 28 U.S.C. § 1915(e)(1), but cannot force an attorney to accept appointment. *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir.1997). To decide whether counsel should be requested, the court asks, "'[G]iven the difficulty of the case, [does] the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel [make] a difference in the outcome?'" *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). "Although a good lawyer may [do better than a *pro se* plaintiff], that is not the test, for if it was "'district judges would be required to request counsel for every indigent litigant.'" *Luttrell*, 129 F.3d at 936. The difficulties faced by the plaintiff are the same faced by all pro se prisoners. At this point, his case does not appear complex and the plaintiff appears capable of representing himself based on his submissions to the court and his

participation in the merit review hearing.

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff must identify the defendants responsible for his transfer from a juvenile facility to an adult facility.  Therefore, the court will allow the plaintiff additional time to file an amended complaint naming the individual defendants.  The amended complaint must stand complete on its own without reference to the original complaint.**

**2) The plaintiff must file his amended complaint within 30 days of this order.**

**3) The plaintiff's motion for appointment of counsel is denied. [d/e 3]**

Entered this 31st Day of August, 2009.

s/ Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE